UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| LOUVON WORTHEN BURROUGHS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA COREY, in her official capacity as the State Attorney for the Fourth Judicial Circuit of Florida, and JOHN RUTHERFORD, in his official capacity as the Sheriff of Duval County, Florida,<br><br>Defendant. | Case No. 3:14-cv-33-J-32MCR |

# FIRST AMENDED COMPLAINT
# FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW** the Plaintiff, LOUVON WORTHEN BURROUGHS (the "Plaintiff"), by and through her undersigned Counsel, who submits this First Amended Complaint for Declaratory and Injunctive Relief, pursuant to FED. R. CIV. PRO. 15(a)(1)(B) and M.D. Loc. R. 4.01:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. §§ 1983, 1988.

2.  Venue in this judicial district and division is proper, pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02.  Plaintiff is a resident of this judicial district and division.  Furthermore, all events giving rise to Plaintiff's claims occurred in the City of Jacksonville, Florida, in this judicial district and division.

## PARTIES

3.  Plaintiff is a resident of Jacksonville, Duval County, Florida.

4.  Defendant Corey is now, and at all times material hereto was, the State Attorney for the Fourth Judicial Circuit of Florida.  She assumed office in early 2009 and is the chief prosecutor for the State of Florida in the Fourth Judicial Circuit, which comprises Duval, Clay, and Nassau Counties.  In this capacity, State Attorney Core exercises overall responsibility for the prosecution of criminal defendants for violations of Florida's criminal code (Title XLVI, Florida Statutes).  At all times material hereto, Defendant Corey acted under color of state law, in her official capacity as the State Attorney.  Plaintiff sues Defendant Corey in her official capacity for declaratory and injunctive relief, as well as attorneys' fees and costs.

5.  Defendant Rutherford is now, and at all times material hereto was, the Sheriff (the "Sheriff") of Duval County, Florida.  He assumed office in July 2003.  As Sheriff of Duval County, Florida, he exercises overall responsibility for the policies, training, and practices of all law enforcement officers employed by the

Jacksonville Sheriff's Office (the "JSO").  At all times material hereto, Sheriff Rutherford acted under color of state law, in his official capacity as the Sheriff. Plaintiff sues Defendant Rutherford in his official capacity for declaratory AND injunctive relief, as well as attorneys' fees and costs.

## STATEMENT OF FACTS

6. By information and belief, on March 11, 2012, Officer J. L. Cunningham ("Officer Cunningham") of the Jacksonville Sheriff's Office was dispatched to 1860 W. 5th Street (Faith United Miracle Temple) in Jacksonville, Florida.

7. Upon arrival, Officer Cunningham spoke with Robert J. McLaurn III (the "Purported Victim"), a purported victim, who presumably had contacted the JSO and requested the assistance of a JSO officer.

8. The Purported Victim had two principal complaints: (1) that the Plaintiff would "not leave him alone", and (2) that the victim had allegedly "plac[ed] flyers on vehicles in the church's parking lot."

9. According to Officer Cunningham, the flyer contained the following statements:

> "(R.J.)Robert J. McLaurn III.  This man was having sex with me Jan-2012 – March.  He swindler [sic] me in to [sic] purchasing a black Trailor #BE2X68 with $9000.00 Nine thousand in lawn motor equipment and trail cost me $2000.  He took and will not return.  Please help me get my stuff back  566-5043.  Reward $200.  Lavern 566-5043.  Please Help!"

10.  Officer Cunningham reported that he observed fifty-four duplicate flyers. Additionally, Officer Cunningham concluded that the flyers contained "derogatory statements" about the purported victim.

11.  Ultimately, Officer Cunningham concluded that the only crime that had been committed was a violation of FLA. STAT. § 784.048(2).

12.  On March 21, 2012, Defendant Corey's office charged Plaintiff by information (the "Information") with one count of stalking, alleging that Plaintiff violated FLA. STAT. § 784.048(2). She was then arrested by a JSO officer on April 5, 2012.

13.  In relevant part, the Information provided that Plaintiff "on or between March 1, 2012 and March 15, 2012, in the County of Duval and the State of Florida, did willfully, maliciously and repeatedly follow, harass, or cyberstalk Robert James McLaurn, III, contrary to the provisions of Section 784.048(2), Florida Statutes."

14.  Plaintiff's state criminal case was assigned case number 16-2012-MM-3642, and was styled as *State of Florida v. Louvon Worthen Burroughs*.

15.  FLA. STAT. § 784.048(2) provides that "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking, a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083." FLA. STAT. § 784.048(2)."

16.     Florida Courts have interpreted the word "maliciously" to mean "wrongfully, intentionally, without legal justification".[1]

17.     FLA. STAT. § 784.048(1)(a) provides that "'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." FLA. STAT. § 784.048(1)(a).

18.     FLA. STAT. § 784.048(1)(d) provides that "'Cyberstalk' means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose." FLA. STAT. § 784.048(1)(d).

19.     FLA. STAT. § 784.048(1)(b) defines "Course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests." FLA. STAT. § 784.048(1)(b).

20.     On October 22, 2013, Plaintiff filed a Motion to Dismiss the Information, alleging that FLA. STAT. § 784.048(2) was unconstitutionally, facially overbroad,

---

[1] *See, e.g., Seese v. State of Florida*, 955 So.2d 1145, 1149 (Fla. 4th DCA 2007) (interpreting FLA. STAT. § 784.048(4)).

pursuant to the First and Fourteenth Amendments of the United States Constitution; and Article I, Section 4 of the Florida Constitution.

21.  Plaintiff filed an Amended Motion for a Statement of Particulars on October 13, 2013, as well, so that Plaintiff would be able to challenge the Information as unconstitutional, as applied to her individually.

22.  Importantly, in the Amended Motion for a Statement of Particulars, Plaintiff noted that the State of Florida was constrained not only by discovery rules, but also, separately, by rules requiring that the State's charging document place her on notice of the alleged criminal conduct giving rise to the charge.

23.  Furthermore, in the Amended Motion for a Statement of Particulars, Plaintiff candidly explained that she "would be incapable of mounting a pre-trial [challenge] to the constitutionality of FLA. STAT. § 784.048(2) on an 'as applied' basis if the State were not compelled to furnish a Statement of Particulars" containing specifically requested details.

24.  Because the Purported Victim and the Plaintiff had corresponded frequently via cell phone text messages prior to Plaintiff's arrest, the Information was based, at least in part, upon Plaintiff's electronic communications.

25.  On November 6, 2013, the County Court, Fourth Judicial Circuit, in and for Duval County (the "County Court"), granted Plaintiff's Amended Motion for a

Statement of Particulars and ordered the State of Florida to furnish a Statement of Particulars to Plaintiff no later than Tuesday, November 26, 2013.

26. Meanwhile, a hearing on Plaintiff's Motion to Dismiss was to be set after Plaintiff was to receive the Statement of Particulars and inform the County Court of Plaintiff's satisfaction therewith on December 2, 2013.

27. Rather than furnishing Plaintiff with a Statement of Particulars and responding to Plaintiff's Motion to Dismiss, the State of Florida filed a Memorandum to the Clerk, indicating that it "declines to prosecute [Plaintiff] for this charge."

28. Plaintiff was arrested and prosecuted because of her alleged language and other expressive conduct that she allegedly directed towards the Purported Victim, who was either Plaintiff's boyfriend or newly ex-boyfriend during the period of time that Plaintiff was alleged to have committed the crime of stalking.

29. By information and belief, Plaintiff was arrested and charged with stalking to redress the alleged substantial emotional distress that Plaintiff allegedly caused the Purported Victim by her expressive conduct.

30. The alleged language and other expressive conduct that Plaintiff was alleged to have communicated were not "fighting words," as defined by the U.S. Supreme Court in *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942).[2]

31. The alleged language and other expressive conduct that Plaintiff was alleged to have communicated were not "obscene," as defined by the U.S. Supreme Court in *Miller v. California*, 413 U.S. 15 (1973).[3]

32. Officers, agents, and/or other employees under the control and supervision of Defendants Corey and/or Rutherford arrested and prosecuted Plaintiff for willfully, repeatedly, [wrongfully, intentionally, and without legal justification,] communicating language, in person and via electronic mediums, such as cell phone text messages, that allegedly caused substantial emotional distress, and that allegedly served no legitimate purpose.

33. Plaintiff has a current desire and intent to willfully, repeatedly, and intentionally communicate language (the "Prospective Language") that would likely cause substantial emotional distress to the listener and/or listeners.

34. However, Plaintiff has no current desire or intent to communicate Fighting Words or Obscenity, or to violate any laws, ordinances, or state or federal

---

[2] "Fighting words" are "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942); *see also Cohen v. California*, 403 U.S. 15 (1971); *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992).
[3] Obscene material is that which depicts or describes sexual conduct, and "which, taken as a whole, appeal[s] to the prurient interest in sex, which portray[s] sexual conduct in a patently offensive way, and which, taken as a whole, do[es] not have serious literary, artistic, political, or scientific value." *Miller v. California*, 413 U.S. 15, 24 (1973).

government regulations of any type whatsoever, other than FLA. STAT. § 784.048(2).

35. Nevertheless, according to an objective, reasonable person standard, Plaintiff's Prospective Language could be deemed to serve no legitimate purpose, and could be deemed to be wrongful and without justification.

36. Plaintiff desires to communicate the Prospective Language in person and via electronic mediums, such as electronic mail and cell phone text messages.

37. Because of FLA. STAT. § 784.048(2), Plaintiff is fearful of communicating the Prospective Language, lest she be arrested and charged anew with the crime of stalking.

38. Importantly, Plaintiff was not charged with, nor accused of violating, FLA. STAT. § 784.048(3), which provides that "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person ***and makes a credible threat to that person*** commits the offense of aggravated stalking, a felony of the third degree" (emphasis added).

## COUNT I

### (First and Fourteenth Amendments – United States Constitution)

### (Facial Unconstitutionality of FLA. STAT. § 784.048(2))

39. Plaintiff realleges and incorporates by reference paragraphs one (1) through thirty-eight (38) above, as though fully set forth here.

40. FLA. STAT. § 784.048(2) is unconstitutional on its face, and Plaintiff's arrest and prosecution under that statute violated her civil rights under color of state law.

41. FLA. STAT. § 784.048(2) impermissibly infringes on Plaintiff's right to free speech, protected by the First Amendment, which is incorporated against the States by virtue of the Fourteenth Amendment.

42. FLA. STAT. § 784.048(2) allows Defendants Rutherford and Corey to arrest and prosecute those who are lawfully exercising their First Amendment rights, and criminalizes otherwise legally protected First Amendment conduct.

43. FLA. STAT. § 784.048(2) is fatally overbroad in that there is no compelling governmental interest that is served by it.

44. FLA. STAT. § 784.048(2) is otherwise fatally overbroad in that it is not narrowly tailored to any alleged governmental interests that might be at stake.

45. As a criminal statute, FLA. STAT. § 784.048(2) has a chilling and deterrent effect in that it poses a great threat to the freedom of speech and expression protected by the First Amendment, greatly outweighing its cognizable benefits, if any.

**WHEREFORE**, Plaintiff respectfully requests that this Court (1) declare FLA. STAT. § 784.048(2) facially unconstitutional, (2) enter preliminary and permanent injunctions prohibiting its enforcement, (3) award Plaintiff her attorneys fees and

costs, and (4) award such other and further relief as this Court deems necessary and appropriate.

/s/ **_Andrew Bonderud_**
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
The Bonderud Law Firm, P.A.
814 A1A North, Suite 202
Ponte Vedra Beach, FL 32082
904-438-8082 (telephone)
904-800-1482 (facsimile)
E-Mail: BonderudLaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Meredith Charbula, Esq. | Craig D. Feiser, Esq. |
| Fla. Bar # 0708399 | Assistant General Counsel |
| Patricia M. Dodson, Esq. | Florida Bar No. 164593 |
| Fla. Bar # 972290 | Jon R. Phillips, Esq. |
| Office of the State Attorney | Chief, Personal Injury Department |
| 220 East Bay Street | Florida Bar No. 27383 |
| Jacksonville, Florida 32257 | 117 West Duval Street, Suite 480 |
| (904) 630-1212, Ext. 3127 (Phone) | Jacksonville, FL 32202 |
| (904) 630-7025 (Fax) | Phone: (904) 630-1609 |
| Mcharbula@coj.net (Email) | Facsimile: (904) 630-1316 |
| Pdodson@coj.net (Email) | Email: CFeiser@coj.net |
| *Attorneys for Defendant Corey* | JPhillips@coj.net |
| | *Attorneys for Defendant Sheriff John H. Rutherford* |

/s/ **_Andrew Bonderud_**