IN THE FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:14-CV-33-J-32 MCR

LOUVON WORTHEN BURROUGHS        **DISPOSITIVE MOTION**

    Plaintiff

v.

ANGELA B. COREY, in her official
capacity as the State Attorney for the
Fourth Judicial Circuit of Florida and
JOHN RUTHERFORD, in his official capacity
as the Sheriff of Duval County, Florida

    Defendants
_____/

**DEFENDANT'S AMENDED MOTION TO DISMISS WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Angela B. Corey, in her official capacity as the State Attorney for the Fourth Judicial Circuit of Florida, by and through the undersigned counsel, and moves to dismiss, with prejudice, Count One of the Plaintiff's amended complaint for failure to state a claim for which relief can be granted

1

pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) Section 784.048(2), Florida Statutes is constitutional on its face and (2) the plaintiff is not entitled to declaratory and injunctive relief because she fails to meet the requisite conditions precedent to an entitlement to declaratory or injunctive relief. [1]

## MEMORANDUM OF LAW

### A. PRELIMINARY MATTERS

(1) Pending before the Court is an Amended Complaint for Declaratory and Injunctive Relief. On March 21, 2012, the Plaintiff was charged, by information, with one count of stalking in violation of Section 784.048(2), Florida Statutes. The victim in this case was Robert J. McLaurn, the Plaintiff's former boyfriend. The State ultimately entered a *nolle prosequi* in the case.

---

[1] This amended motion to dismiss is filed in response to Burroughs' Amended Complaint filed April 7, 2014. In her amended complaint, Burroughs dropped her complaint for monetary damages against Sheriff Rutherford and added allegations of her intent to engage in unlawful conduct in order to establish standing.

Pursuant to 86.091, Florida Statutes, Burroughs is required to serve a copy of this amended complaint on Florida's Attorney General. Additionally, the Attorney General is entitled to be heard. *See also* Brown v. Butterworth, 831 So. 2d 683, 689-90 (Fla. 4th DCA 2002) (in case involving Attorney General as a defendant, reasoning in dicta that declaratory judgment statute means that "[t]he only truly 'indispensable' party to an action challenging the constitutionality of Florida legislation . . . is the Attorney General"). This Court put Burroughs on notice of this requirement when it ordered the Clerk to send a copy of Burroughs' initial complaint to the Attorney General. (Doc. 14). Just as she failed to do with her initial complaint, the certificate of service from Burroughs' amended complaint does not reflect service on the Attorney General.

(2) In her complaint against Ms. Corey, the Plaintiff seeks three things.  First, the Plaintiff asks this Court to declare Section 784.048(2), Florida Statutes facially unconstitutional.  Second, the Plaintiff seeks to have this Court enter preliminary and permanent injunctions prohibiting its enforcement.  Third, the Plaintiff asks this Court to award her attorney's fees, costs and any other relief this Court deems necessary and appropriate.

### B. THE STATUTE AT ISSUE

(3)  Section 784.048(2), Florida Statutes, provides that a person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking, a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, Florida Statutes.   The statute defines the term "harass" to mean "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." *Section 784.048(1)(a), Florida Statutes*.  Cyberstalk means to engage in a course of conduct to communicate, or cause to be communicated, words, images, or language through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.  *Section 784.048(1)(d), Florida Statutes*.  A "course of conduct" means "a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity

of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests. *Section 784.048(1)(b), Florida Statutes*.

(4) The statute criminalizes only the <u>malicious</u> and <u>willful</u> commission of a series of acts over a period of time. To be criminally responsible for harassing or cyberstalking, defendant must engage in a repeated series of acts, manifesting a continuity of purpose, that is directed at a particular person, which causes substantial emotional distress to that person and serves no legitimate purpose. Florida applies an objective, reasonable person standard, rather than a subjective standard, to determine whether an incident "causes substantial emotional distress." <u>Goudy v. Duquette</u>, 112 So. 3d 716, 717 (Fla. 2d DCA 2013). By the plain language of the statute, a person engaging in constitutionally protected activity is exempted from any criminal liability for stalking.[2]

---

[2] In her separate petition for a preliminary injunction, the Plaintiff claims that Section 784.04(2) imposes criminal liability without considering whether a reasonable person would have suffered substantial emotional distress under a "harass" or "cyberstalk" theory. The Plaintiff is mistaken. Both the "harass" and "cyberstalk" theories of criminal liability require the defendant's conduct to cause substantial emotional distress to the person to whom the stalking is directed. The Florida Supreme Court has interpreted the "substantial emotional distress" element to be determined by the reasonable person standard (as opposed to a subjective standard). <u>Bouters v. State</u>, 659 So.2d 235 (Fla. 1995). Additionally, the "follow" theory requires the conduct to be malicious, willful and repeated. *Section 784.048(2), Florida Statutes.* In her petition for a preliminary injunction, the Plaintiff concedes the "follow" element in the statute does not implicate the content of her speech. (Petition for Preliminary Injunction at page 22).

## C. **STANDARD FOR RULING ON A MOTION TO DISMISS**

(5)  In evaluating a motion to dismiss, a court should generally limit its consideration to "...the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Traffic Jam Events, LLC v. Cortes, 2009 WL 2175640 (M.D. Fla. 2009), citing Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) (internal quotations omitted).  Moreover, the Eleventh Circuit Court of Appeals has long followed the rule that conclusory and vague statements in a complaint are insufficient to state a claim for relief.  See, e.g., Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678 (11th Cir. 2001) (holding that "at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory").  Thus, in deciding a Rule 12(b)(6) motion to dismiss, a court need not accept as true conclusory allegations, unwarranted factual deductions, and unsupported conclusions of law or of mixed law and fact.  See Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir. 2002); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

(6) To this end, the Supreme Court of the United States has cautioned that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Iqbal, 129 S. Ct. at 1949. For several reasons, the Complaint in this case cannot meet the standards of Twombly and Iqbal and should be dismissed with prejudice.

### D. ARGUMENT

*(7)* In seeking only declaratory and injunctive relief, the Plaintiff tacitly acknowledges that Ms. Corey, in her official capacity as State Attorney for the Fourth Judicial Circuit, is absolutely immune from damages for any acts or omissions in initiating a criminal prosecution and in presenting the government's case. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995 (1976) (holding a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case".). In her action for declaratory relief and injunctive relief, the Plaintiff asks this Court to declare Section 784.048(2), Florida Statutes, facially unconstitutional. The Plaintiff is not entitled to injunctive and declaratory relief for two reasons.

## *SECTION 784.048(2), FLORIDA STATUTES IS FACIALLY CONSTITUTIONAL*

(8) The Plaintiff is not entitled to declaratory or injunctive relief because, contrary to her claims, Section 784.048(2), Florida Statutes, is not facially unconstitutional.

(9) In her complaint, the Plaintiff complains that the statute is facially overbroad under the First Amendment to the United States Constitution.[3] A "facial" challenge, in this context, means a claim that the law is "invalid in toto- and therefore incapable of any valid application." Steffel v. Thompson, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974).

(10)    Under the First Amendment, a statute is overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." U.S. v. Stevens, 559 U.S. 460, 130 S.Ct. 1577, 1587

---

[3] While the First Amendment generally prohibits the Government from restricting speech based on its message or viewpoint, the First Amendment's free-speech protections are not absolute. Ashcroft v. ACLU, 535 U.S. 564, 573, 122 S.Ct. 1700, 1707, 152 L.Ed.2d 771 (2002); Chaplinsky v. New Hampshire, 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942). In certain narrowly drawn categories, the Government may permissibly restrict speech on the basis of content. United States v. Stevens, 559 U.S. 460, 130 S.Ct. 1577, 1584, 176 L.Ed.2d 435 (2010). These categories of unprotected speech do not require case-by-case balancing because the harms they impose "so overwhelmingly outweigh[ ]" any First Amendment concerns that the "balance of competing interests is clearly struck." New York v. Ferber, 458 U.S. 747, 763–64, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982).

(2010).  A statute regulating behavior and not pure speech, such as the one at issue here, will not be overturned unless the overbreadth is both real and substantial in relation to the statute's legitimate sweep.  Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

(11)    Because overbreadth works to invalidate a law in its entirety, it is an extraordinary remedy.  Virginia v. Hicks, 539 U.S. 113, 118-119 (2003).  A court, reviewing a claim such as the one Burroughs brings here, should not strike as overbroad a state law that "reflects 'legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.'"  Id. at 119.

(12)    In determining whether Florida's misdemeanor stalking statute is unconstitutionally overbroad, the Court should first construe the statute so that its meaning is clear.  United States v. Williams, 553 U.S. 285, 293, 128 S.Ct. 1830, 1838, 170 L.Ed.2d 650 (2008).  Next, the Court examines whether the statute, as construed, "criminalizes a substantial amount of protected expressive activity." Id. at 297, 128 S.Ct. at 1841.  See also U.S. v. Martinez, 736 F.3d 981 (11th Cir. 2013).  If the answer is no, then a reviewing Court correctly concludes the statute is not unconstitutionally overbroad.

(13)    As the Plaintiff acknowledges, the Florida Supreme Court has, as has other Florida appeals courts, already rejected claims that Florida's stalking statute

is unconstitutionally overbroad.[4]  In Bouters v. State, 659 So.2d 235 (Fla. 1995), the Florida Supreme Court examined the facial constitutionality of Florida's aggravated stalking statute on First Amendment grounds.  The Court determined that stalking, by word or deed, falls outside the First Amendment's purview.  The Court pointed out that the statute requires, before the conduct at issue is unlawful, that the defendant's actions must be willful, malicious, and repeated.  The Court also pointed out that the defendant's actions must form a course of conduct which would cause substantial emotional distress in a reasonable person as the victim.  The Court noted, as well, that the conduct must serve no legitimate purpose and that the statute, by its terms, excludes from its reach constitutionally protected activity.  Finally, the Florida Supreme Court concluded that "[w]hile the First Amendment confers on each citizen a powerful right to express oneself, it gives the citizen no boon to jeopardize the health, safety, and rights of others  Id. at 237.[5]

(14)    Florida's statute is sufficient narrowly tailored to ensure that it does not criminalize a substantial amount of protected expressive activity, if any at all.

---

[4] The United States Supreme Court has recognized that a federal court will defer to a state court's authority to interpret its own laws.  United States v. Stevens, 559 U.S. at 474.

[5] While aggravated stalking, rather than misdemeanor stalking, was the offense that was squarely before the court in Bouters, the Court held the entirety of Section 784.08 to be constitutional, and Plaintiff cites no case on point which would discredit this Florida precedent.  *See also* Varney v. State, 659 So. 2d 234 (Fla. 1995); Gilbert v. State, 659 So. 2d 233 (Fla. 1995); Koshel v. State, 659 So. 2d 232 (Fla. 1995).

The statute proscribes conduct not pure speech. Of course, both harassing and cyberstalking can include speech. However, such conduct does not rise to the level of criminal behavior unless it is malicious, willful and repeated and is of a nature to cause <u>substantial</u> emotional distress. Additionally, the substantial emotional distress element is measured by an objective standard so as to protect innocuous conduct that might distress a hypersensitive person but not a reasonable one. <u>Bouters v. State</u>, 659 So.2d 235 (Fla. 1995). The statute also specifically exempts constitutionally protected activity. All of these limiting provisions in the statute ensure that constitutionally protected speech or activity is not swept into its proscriptions. This Court should dismiss the Plaintiff's complaint because Florida's stalking statute is not, as a matter of law, facially unconstitutional. [6]

---

[6] The federal stalking statute, 18 U.S.C. §2261A, is similar to the Florida statute in that it requires intentional conduct that causes, attempts to cause, or can reasonably be expected to cause substantial emotional distress. *18 U.S.C. §2261A(1)(B) and (2)*. Like Florida's statute, it is not overbroad in that it prohibits criminal conduct, not a substantial amount of protected speech. Courts considering the overbreadth of the federal stalking statute have found it passed constitutional muster. *See, e.g.*, <u>United States v. Petrovic</u>, 701 F. 3d 849, 865 (8th Cir. 2012), quoting <u>United States v. Bowker</u>, 372 F.3d 365, 379 (6th Cir. 2004) (holding interstate stalking statute constitutional as it applies to a course of conduct, not speech, done with malicious intent, and "[m]ost, if not all, of the [statute's] legal applications are to conduct not protected by the First Amendment"); <u>United States v. Sayer</u>, 2012 WL 1714746, *6-7 (D. Me. 2012) (upholding interstate stalking charges against defendant and reasoning that, unlike <u>Cassidy</u>, "everything Sayer did was 'integral to criminal conduct,' his criminal conduct seeking to injure, harass, or cause substantial emotional distress to the victim, and concluding that "the potential overbreadth of

## ***THE PLAINTIFF CANNOT ESTABLISH A VIOLATION OR THE ABSENCE OF AN ADEQUATE REMEDY AT LAW***

(15) Finally, the Plaintiff is not entitled to the relief she seeks because to be entitled to declaratory or injunctive relief, the Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the requested relief is not granted and the absence of an adequate remedy at law. *See* Newman v. Alabama, 683 F.2d 1312 (11th Cir.1982). *See also* Sinclair v. Shorstein, 2012 WL 6799667 (M.D. Fla. 2012).

(16) As set forth more fully above, the Plaintiff has failed to make a colorable showing that Section 784.048(2) is facially unconstitutional.

(17) Likewise, the Plaintiff is not entitled to injunctive relief because she has not, and cannot, show there is an absence of an adequate remedy at law. Should the Plaintif be arrested or prosecuted for a violation of Florida's stalking

---

the provision is in fact modest, not substantial"); United States v. Shrader, 2010 WL 2179572 *2-3 (S.D. W. Va. 2010) (upholding federal statute to overbreadth challenge, as it applies to "communications which indicate specific unlawful purposes" and does not criminalize a substantial amount of protected activity). *See also* U.S. v. Shepard, 2012 WL 113027 (D. Ariz. 2012)(noting that government has a strong and legitimate interest in preventing the harassment of individuals and any incidental restriction of the defendant's speech by the federal stalking statute does not violate the First Amendment because the speech is integral to the alleged criminal conduct, citing to United States v. Stevens, 559 U.S. 460, 468, 130 S.Ct. 1577, 1584, 176 L.Ed.2d 435 (2010) (First Amendment does not protect "speech integral to criminal conduct")).

11

statute, there are ample remedies at law available, including the right to file a motion to dismiss alleging that Section 784.048(2) is unconstitutional, as applied, or to appeal any conviction to the state courts of appeal and to the United States Supreme Court.  *See* Bolin v. Story, 225 F.3d 1234, 1242-1243 (11th Cir. 2000). [7]

BASED ON THE FOREGOING, the Defendant, Angela B. Corey, respectfully requests that Count I of the Plaintiff's complaint be dismissed with prejudice.

        Respectfully submitted,

        ANGELA B. COREY
        STATE ATTORNEY


        /s/  MEREDITH CHARBULA

        _____

        MEREDITH  CHARBULA
        Fla. Bar # 0708399
        PATRICIA M. DODSON
        Fla. Bar #972290
        Office of the State Attorney
        220 East Bay Street
        Jacksonville, Florida 32257
        04) 630-1212, Ext. 3127 (Phone)
        (904) 630-7025 (Fax)
        Mcharbula@coj.net (Email)
        Pdodson@coj.net (Email)

---

[7] For the same reasons set forth above, the Plaintiff is also not entitled to a preliminary injunction as set forth in a separate petition for a preliminary injunction because, *inter alia*, Plaintiff cannot show a substantial likelihood of success on the merits.  Nor can she show irreparable injury.  Seigel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing has been provided to counsel for the Plaintiff by CM/ECF filing this 24th day of April 2014.   A copy of the foregoing has also been provided by email to Craig Feiser, counsel for the Defendant, John Rutherford, in his capacity as Sheriff of Duval County, Florida at cfeiser@coj.net.  Additionally, a copy of this motion to dismiss has been provided to the Office of the Attorney General, Civil Division at oag.civil.eserve@myfloridalegal.com

                              /s/  Meredith Charbula

                              _____

                              Meredith Charbula
                              Assistant State Attorney